Citation Nr: 1513892 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 10-40 568A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an extension of the delimiting date for education benefits under Chapter 35, Title 38, United States Code, Survivors' and Dependents' Educational Assistance (DEA) beyond February 21, 2001. 


ATTORNEY FOR THE BOARD

M. Carsten, Counsel


INTRODUCTION

The Veteran served on active duty and died in February 1993. The appellant is his daughter. 

This case comes before the Board of Veterans' Appeals (Board/BVA) on appeal from a November 2009 determination by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 

In June 2011 and August 2014, the Board remanded the appeal for additional development. 

In addition to the education folder, the Board has reviewed the Veterans Benefits Management System (VBMS) and Virtual VA folders. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In June 2011 and August 2014, the Board remanded the appeal so that the appellant could be scheduled for a RO hearing. In February 2015, the RO sent the appellant a letter asking whether she still wanted a hearing. The letter stated that the hearing would be conducted by the BVA travel board or by BVA live videoconference. She was requested to respond within 30 days of the letter and further advised that if no response was received, her file would be sent to the Board for a decision without a hearing. 

The Board regrets the delay occasioned by yet another remand, but finds that the prior remand directives were not complied with. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (a remand by the Board confers on the appellant, as a matter of law, a right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand). That is, the June 2011 and August 2014 remands specifically directed that "[t]he appellant should be scheduled for a Regional Office hearing before a hearing officer at the Winston-Salem RO." There is no indication this was accomplished.

In making this determination, the Board acknowledges the February 2015 letter sent by the RO. However, simply asking the appellant whether she still wants a hearing is not sufficient. Further, the appellant did not ask for a Board hearing. In a September 2010 statement, she requested a RO hearing. On her Form 9, she indicated that she did not want a Board hearing, but that she wanted a RO hearing. Thus, a remand is needed to schedule the requested hearing. 

Accordingly, the case is REMANDED for the following action:

Schedule the appellant for a Regional Office hearing before a hearing officer at the Winston-Salem RO. Thereafter, the RO should review the claim. If the issue remains denied, the appellant should be provided with a supplemental statement of the case as to the issue on appeal, and afforded a reasonable period of time within which to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).